**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMPHONY L. WALKER, ET AL., | ) | CASE NO. ED CV 08-01801 AG (RZ) |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND |
| vs. | ) ) | |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

The Court will dismiss the First Amended Complaint (1AC) because it plainly fails to correct the very flaws that prompted the Court to dismiss the initial complaint on January 8, 2009. As the Court explained at that time:

> Pursuant to the Prison Litigation Reform Act (the "PRLA"), the Court is required to review prisoner complaints where the prisoner seeks "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the Court must dismiss the complaint, or any portion of the complaint, if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A district court "shall dismiss" an *in forma pauperis* complaint, "if the court

determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

The following flaws in the initial complaint have prompted this Order. First, although styled as a class action, the complaint does not satisfy at least one of the requirements for such an action. The Federal Rules delineate four prerequisites that must be met in order to bring a class action, the fourth of which is "adequacy," that is, the ability of the litigants to protect the interests of the class fairly and adequately. FED. R. CIV. P. 23(a). The plaintiff in a class action bears the burden of establishing adequacy. *Fleming v. Travenol Laboratories, Inc.,* 707 F.2d 829, 832 (5th Cir. 1983). In turn, there are two criteria for determining adequacy: (1) the representatives must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the named representatives must appear able to prosecute the action vigorously *through qualified counsel. Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978). A *pro se* litigant ordinarily cannot adequately represent the interests of a class. *See McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is in custody and proceeding pro se. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiffs cannot represent persons other than themselves, and cannot represent, *pro se,* a class of aggrieved civil detainees. *See Martin v. Middendorf,* 420 F. Supp. 779, 781 (D.D.C. 1976). Accordingly, this Court summarily dismisses the class action allegations of the complaint. This action will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiffs.

Second, the complaint fails to specify the capacity in which Plaintiffs target those Defendants who are natural persons. Plaintiffs mysteriously state that such Defendants are sued in their "individual or official capacity."

1   Plaintiffs may sue them in one capacity or the other, or both capacities, but
2   they may not leave this matter in doubt.

3   Third, Plaintiffs seek monetary damages from the state Department of
4   Mental Health and, possibly, from numerous state employees in their official
5   capacity. Under Eleventh Amendment doctrine, however, this Court lacks
6   jurisdiction to entertain monetary-damages claims against state agencies – or
7   against state employees sued in their official capacity, which is tantamount to
8   a damages suit against the state itself. *See Pennhurst State School & Hosp.*
9   *v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984);
10  *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

12 Order of Jan. 8, 2009. The Court thus dismissed the complaint with leave to amend within
13 30 days, but without leave to amend as to the class action allegations.

14 The 1AC plainly repeats these three shortcomings. First, Plaintiff still
15 purports to assert a class action. *See* 1AC at caption and p. 3. Second, the 1AC still fails
16 to specify the capacity in which Plaintiff sues at least one Defendant, Octavio Carlos Luna,
17 targeting him "in his official or individual capacity." *Id*. at 3. Third, Plaintiff continues
18 to seek damages from not only the State of California *per se* but also the state Department
19 of Mental Health and the state's governor sued in his official capacity, in violation of
20 Eleventh Amendment doctrine.

21 For the reasons above, the 1AC is DISMISSED.

22 The Court grants leave to amend, with the same exception as before. As the
23 District Judge ordered, "no amendment can cure the class action allegations. That aspect
24 of the Complaint thus is dismissed without leave to amend." (This terminology does not
25 mean that Plaintiff may or must retain those allegations (and thus "not amend" them) in any
26 further amended complaint, as he may have believed in preparing the 1AC. Rather, it
27 means that those allegations must be omitted altogether, because they are legally infirm.
28 Including them again in any Second Amended Complaint may result in another dismissal.)

1  Plaintiff shall have 30 days within which to file a second amended complaint that cures the
2  foregoing flaws and adds no new ones.  If Plaintiff does not file a properly amended
3  complaint within the time allowed, the action may be dismissed for lack of prosecution.
4  The Court cautions Plaintiff that repeated grants of leave to amend are not without limit.
5       IT IS SO ORDERED.

7       DATED:   April 21, 2009

                                          _____
                                                RALPH ZAREFSKY
                                          UNITED STATES DISTRICT JUDGE